1  David W. Steuber (SBN 58398)
   Amy J. Fink (SBN 169213)
2  Douglas W. Gastélum (SBN 204163)
   HOWREY LLP
3  550 South Hope Street, Suite 1100
   Los Angeles, California 90071
4  Telephone: (213) 892-1800
   Facsimile: (213) 892-2300
5  Email: steuberd@howrey.com

6  Attorneys for Plaintiff
   SIGUE CORPORATION
7

8  Will S. Skinner (Bar No. 206031)
   DRINKER BIDDLE & REATH LLP
9  333 South Grand Avenue, Suite 1700
   Los Angeles, CA 90071-1504
10 Telephone: (213) 253-2300
   Facsimile: (213) 253-2301
11 Email: will.skinner@DBR.com

12 Douglas M. Mangel (*Pro Hac Vice*)
   DRINKER BIDDLE & REATH LLP
13 1500 K Street, N.W., Suite 1700
   Washington, DC 20005-1209
14 Telephone: (202) 842-8800
   Facsimile: (202) 842-8465/66
15 Email: Douglas.Mangel@DBR.com

16 Attorneys for Defendant
   HOUSTON CASUALTY COMPANY
17

FILED
CLERK, U.S. DISTRICT COURT
JAN - 9 2008
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGUE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSTON CASUALTY COMPANY, a Texas Corporation, and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 05-8932 MMM (MANx)<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Courtroom 780 |

**NOTE CHANGES MADE BY THE COURT**

---

**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**

DM_US:20777252_1

WHEREAS, discovery in this action may involve the production of documents containing privileged, confidential, proprietary business, or proprietary financial information, or could otherwise require disclosure of such information;

WHEREAS, in light of the foregoing, Plaintiff Sigue Corporation ("Sigue") and Defendant Houston Casualty Company ("Houston Casualty") mutually wish to establish procedures that would be fair to the parties, protect against harm from disclosure of confidential information outside this action, expedite the discovery process, limit the necessity for objection or subsequent motions seeking to limit discovery, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Sigue and Houston Casualty, as follows:

## DEFINITIONS

1. The following definitions shall apply to this Stipulation and Protective Order:

    A. "Action" means the above-entitled proceeding in the United States District Court for the Central District of California and any appeal thereof through final judgment.

    B. "Confidential Information" means any confidential or proprietary Information disclosed, produced or exchanged by or to any person in any discovery or disclosure conducted in this Action pursuant to any discovery or disclosure method allowed or required under the Federal Rules of Civil Procedure, provided that such information has been designated as "CONFIDENTIAL" in good faith by the party disclosing, producing or exchanging the information, pursuant to the provisions of paragraphs 3 through 8 below. "Confidential Information" shall not include documents that are publicly filed with any federal, state or municipal agency, or that are independently acquired by or available from any other legitimate and legal source.

C. "Information" means without limitation any document, any information contained in a document, any information revealed during a deposition, any information revealed in a response to an interrogatory or request for admission, any duplicate or other reproduction of any document or tangible thing, and any notes, paraphrases, transcriptions, or recordings of any such information.

D. "Discovery Material" means documents, depositions, pleadings, exhibits, and all other material or Information subject to discovery or disclosure in this Action.

E. "Producing Party" means any party to this Action and any non-party who gives testimony or produces documents or other information.

F. "Receiving Party" means any party who receives, is shown, or is exposed to material or information pursuant to this Stipulation and Protective Order.

## SCOPE

2. This Stipulation and Protective Order shall apply to all Discovery Material, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other Information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. Any party or non-party producing or disclosing Discovery Material may designate it as "Confidential Information" in accordance with this Stipulation and Protective Order. The designation of any such Information as Confidential Information shall be deemed effective unless and until the Court orders otherwise.

4. Discovery Material may be designated as Confidential Information when the Producing Party believes in good faith that the material contains or pertains to: (i) Sigue's defense in the underlying action, including but not limited to, information and documents relating to the billing invoices in the underlying action; (ii) documents relating to Sigue's corporate structure or methods, or other trade secrets; (iii) information or documents in Houston Casualty's claim file regarding the underlying action that contain privileged, confidential, proprietary business, or proprietary financial information; and (iv) information or documents in Houston Casualty's possession, custody or control that may be produced in response to discovery requests by Sigue as to which Houston Casualty believes in good faith to contain confidential, proprietary or other commercially sensitive information.

5. The Producing Party may designate documents or other tangible Discovery Material as Confidential Information by placing the following legend or similar legend on the document: "CONFIDENTIAL"; provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process.

6. Any party or non-party may designate discovery requests or responses (and the Information contained therein) as Confidential Information by placing the legend "CONFIDENTIAL" on the face of any such document. In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as Confidential Information.

7. Any party or non-party may designate depositions and other testimony (including exhibits) as Confidential Information by indicating that the entire testimony or portion thereof shall be designated as Confidential Information on the record at the time the testimony is given or within 30 days of receipt of the final transcript. The following legend shall be placed on the front of any transcript (and, if videotaped, any copies of the videotape) containing Confidential Information:

> "Contains Confidential Information. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

8. ~~All Confidential Information, or any excerpt, reproduction or paraphrase thereof,~~ filed with the Court shall be filed in a sealed envelope on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties. The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL and filed in accordance with this Paragraph 8."

8. *[handwritten:]* This Stipulation and Protective Order creates no entitlement to file under seal information and documents designated as confidential by the Parties. Local Civil Rule 79-5 sets forth the procedures that must be followed when a Party seeks permission from this District Court to file documents under seal.

### USE OF CONFIDENTIAL INFORMATION

9. Sigue and Houston Casualty, and their counsel, agree that all Confidential Information produced or provided by them in this Action, shall be used only for purposes necessary to the evaluation, resolution and/or litigation of the claims that are the subject matter of this Action, and not for any other purpose without further written agreement by them or order of the Court.

10. Any person, other than the person who produced such Confidential Information, who has possession, custody or control of Confidential Information shall take all necessary steps to avoid unauthorized disclosure of such Confidential Information.

11. Third parties may designate deposition transcripts of their witnesses and any Information they produce, whether voluntarily or by subpoena, as Confidential

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

DM_US:20777252_1

Information to the same extent and in the same manner as parties to this Action and any such Confidential Information shall be treated by the parties to this Action in the same manner.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

12. Receiving Parties may not disclose or make available such Confidential Information to any person or persons, except to the following:

(a) The Court and court personnel ~~(pursuant to paragraph 8)~~; /MAN/

(b) Sigue and Houston Casualty;

(c) Counsel retained or employed by Sigue or Houston Casualty to the extent necessary for this Action, including the necessary employees or agents of counsel to Sigue or Houston Casualty assigned to this Action and necessary to assist such counsel in this Action;

(d) Any officer, employee, agent or in-house counsel of Sigue or Houston Casualty to the extent necessary for this Action;

(e) Any reinsurer of Houston Casualty and any employees, directors, officers, agents, or attorneys of such reinsurer who are retained to represent its interests in connection with the claim at issue in the Action;

(f) Houston Casualty's regulators or auditors when required by law, regulatory rule or authority;

(g) Any court reporter or typist rendering services for recording or transcribing testimony in this Action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in this Action;

(h) Expert witnesses or consultants retained by Sigue, Houston Casualty or their counsel, but only to the extent necessary for this Action;

(i) Witnesses (and their counsel if third party witnesses); and

(j) Such other persons as agreed to in writing by Sigue and Houston Casualty or as determined by the Court after notice and hearing to all parties.

13. Prior to the receipt of Confidential Information, persons described in paragraph 12, subdivisions (h) through (j) to whom Confidential Information is disclosed shall acknowledge, by signing a copy of Exhibit C attached hereto, that they have read this Stipulation and Protective Order and agree to be bound by its terms. The original executed copy of each non-disclosure certificate (Exhibit C) shall be maintained by the attorney who provides the Confidential Information and that attorney shall retain such certificates until the conclusion of the Action.

## EXEMPTED MATERIALS

14. None of the provisions of the Stipulation and Protective Order shall apply to documents or information which is or was:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party;

(d) obtained by such Receiving Party from a third party having the right to disclose the same; or

(e) in the possession of the Receiving Party prior to the date on which this Stipulation is executed by the parties, except that any such documents or information subject to protection under any other protective order are not exempt from the provisions of this Stipulation and Protective Order.

## INADVERTENT PRODUCTION/DESIGNATION

15. A party's inadvertent disclosure of Confidential Information without the confidentiality designation shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific Information disclosed or as to any other Information relating thereto, on the same or related subject matter. Any such inadvertently disclosed Confidential Information shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the Producing Party becomes aware of the inadvertent disclosure.

16. In the event of disclosure of Confidential Information to any person not authorized to such access under this Stipulation and Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Confidential Information has been disclosed regarding the nature and circumstance of the disclosure. The party responsible for disclosing such Confidential Information shall also promptly take all reasonable measures to retrieve the disclosed Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use is made.

## USE IN COURTROOM PROCEEDINGS

17. Prior to the use of any Confidential Information at any hearing to be held in open court, counsel who desires to use such Confidential Information shall provide reasonable notice to counsel for the other party to this Stipulation and Protective Order and allow counsel the opportunity to object to the disclosure of Confidential Information.

## OBJECTIONS TO CONFIDENTIALITY DESIGNATIONS

18. If a dispute arises concerning whether Information designated as "CONFIDENTIAL" should be considered Confidential Information for purposes of this Stipulation and Protective Order, the parties shall try first to resolve such dispute in

good faith on an informal basis. If the dispute cannot be so resolved, the party who has objected to the designation may seek an order deeming the Information non-confidential.

## MISCELLANEOUS PROVISIONS

19. This Stipulation and Protective Order is without prejudice to the right of any party to seek further or additional protection of Information, including, without limitation, an order that certain matter may not be discovered at all.

20. This Stipulation and Protective Order does not affect the rights of Sigue or Houston Casualty with respect to its own Information. The production of Confidential Information shall not constitute an admission by the Producing Party, nor waive the Producing Party's rights, with respect to the propriety or relevance of the disclosure.

21. Should any third party seek access to Confidential Information, by request, subpoena or otherwise, the subpoenaed party shall promptly notify the other party to this Stipulation and Protective Order. The party that designated such Information as Confidential Information may then take whatever steps it deems necessary to protect its interests. The subpoenaed party shall make a good faith attempt to defer producing Confidential Information pursuant to any third party request or subpoena as long as possible as provided under the applicable rules governing enforcement of the request or subpoena. If, the designating party's objection to the production of Confidential Information by the subpoenaed party is unsuccessful and the subpoenaed party is, in the opinion of its counsel, compelled to disclose Confidential Information, the subpoenaed party may disclose only that portion of the Confidential Information that such party is compelled to disclose. In any event, the subpoenaed party will not oppose action by the designating party to protect its interests.

22. Nothing in this Stipulation and Protective Order shall require the disclosure of any Information that Sigue or Houston Casualty contends is protected from disclosure by the attorney-client privilege or attorney work product.

23. Within 30 days of the conclusion of this Action, the parties shall either return all Confidential Information produced by the other party to that party, or provide written verification that all such Confidential Information has been destroyed.

24. The provisions of this Stipulation and Protective Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over Sigue and Houston Casualty and any other person bound by this Stipulation and Protective Order to enforce this Stipulation and Protective Order.

DATED: November 1, 2007                HOWREY LLP

By: _____
David W. Steuber
Amy J. Fink
Douglas W. Gastélum
Attorneys for Plaintiff
SIGUE CORPORATION

DATED: November __, 2007               DRINKER BIDDLE & REATH LLP

By:   *see attached fax signature*
_____
Douglas M. Mangel
Alison M. Miller
Attorneys for Defendant
HOUSTON CASUALTY COMPANY

23. Within 30 days of the conclusion of this Action, the parties shall either return all Confidential Information produced by the other party to that party, or provide written verification that all such Confidential Information has been destroyed.

24. The provisions of this Stipulation and Protective Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over Sigue and Houston Casualty and any other person bound by this Stipulation and Protective Order to enforce this Stipulation and Protective Order.

DATED: November 1, 2007       HOWREY LLP

By: _____
David W. Steuber
Amy J. Fink
Douglas W. Gastélum
Attorneys for Plaintiff
SIGUE CORPORATION

DATED: November 5, 2007       DRINKER BIDDLE & REATH LLP

By: _____
Douglas M. Mangel
Alison M. Miller
Attorneys for Defendant
HOUSTON CASUALTY COMPANY

# EXHIBIT "A"

I, _____, the undersigned, hereby acknowledge and agree as follows: (i) I have read and understood the terms of the Stipulation and Protective Order in this Action, as entered by the United States District Court for the Central District of California, (ii) I agree to be bound by each and every term of such Stipulation and Protective Order, and (iii) I agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to any and all matters arising from the execution or enforcement of the terms of such Stipulation and Protective Order. I further agree that upon final termination of this Action I will return, to the counsel from whom I obtained them, all Confidential Information I have obtained in connection with this Action.

Dated: _____

Signature: _____

Name: _____

Company: _____

## ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), this Court has the broad discretion to enter any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, to secure the just, speedy and inexpensive determination of every action, and to ensure that the discovery process proceeds fairly and efficiently.

The Court, having reviewed the foregoing Stipulation ~~and good cause appearing~~ of the parties and finding it to be appropriate, as amended by the Court, to facilitate discovery in this action, IT IS SO ORDERED, and such Stipulation shall be and is the Order of this Court.

Dated: January 9, 2008

_Margaret A. Nagle_
~~Hon. Margaret M. Morrow~~
~~United States District Judge~~

Margaret A. Nagle
U.S. Magistrate Judge

# PROOF OF SERVICE

STATE OF CALIGORNIA ) ss.:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 550 South Hope Street, Suite 1100, Los Angeles, California 90071.

On November 5, 2007, I served on the interested parties in said action the within:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below.

Will S. Skinner, Esq.
DRINKER BIDDLE & REATH
333 So. Grand Avenue, Suite 1700
Los Angeles, CA 90071-1504

Douglas M. Mangel, Esq.
DRINKER BIDDLE & REATH
1500 "K" Street, N.W., Suite 1700
Washington, D.C., 20005-1209

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 5, 2007, at Los Angeles, California.

\_\_\_STEPHANIE GARRETT\_\_\_    \_\_\_/s/ Stephanie Garrett\_\_\_
(Type or print name)                    (Signature)